IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TWILA F. TAYLOR                                                                                    PLAINTIFF

V.                         NO. 15-5235

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Twila F. Taylor, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed her current application for DIB on May 30, 2012, alleging an inability to work since April 15, 2011, due to arthritis, osteoarthritis, gout, migraines, and polymyalgia. (Doc. 9, pp. 167-170, 198, 202). An administrative hearing was held on January 29, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 52-85).

By written decision dated June 6, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – osteoarthritis, polymyalgia rheumatic, osteoporosis, gout, and history of hernia surgery. (Doc. 9, p. 42). However, after reviewing all of the evidence presented, the ALJ determined

1

that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 9, p. 43). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).[1] (Doc. 9, p. 44). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform her past relevant work as a customer service representative/customer complaint clerk, a receptionist, and data entry clerk/accounting clerk. (Doc. 9, p. 45).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 30, 2015. (Doc. 9, pp. 4-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 8). The Court has reviewed the entire transcript.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary

---

[1] In her brief, when setting out issue "D," Plaintiff's attorney indicates the ALJ found Plaintiff would be able to perform a full range of work at all exertional levels, with some non-exertional limitations. (Doc. 7, p. 1). This is inaccurate. As indicated above, the ALJ found Plaintiff would be able to perform a full range of sedentary work.

outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v.

3

Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) Whether the ALJ erred in "her analysis and credibility findings;" 3) Whether the ALJ erred in finding Plaintiff retained the RFC to perform her past relevant work; and 4) Whether the ALJ erred in finding Plaintiff retained the RFC to perform a full range of sedentary work. (Doc. 7).

#### A. Impairments in Combination:

Plaintiff argues that the ALJ neglected to discuss in detail her testimony regarding stiffness, swelling and inflammation in the shoulders, wrists, hands, fingers, hips and knees; low back pain; weakness in the arms, hands, legs, fingers and hips; migraine headaches or fatigue; and failed to properly consider Plaintiff's diagnosed chronic pain, joint pain, neck pain, shoulder pain, bilateral foot pain, right hand pain, fatigue, arthrosis of the DIP and PIP joints of the bilateral fingers, severe osteoarthritis of the hands, symptoms of carpal tunnel syndrome, synovitis, acute allergic rhinitis, depressive disorder, mood disorder and anxiety disorder.

The ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Doc. 9, p. 41). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Doc. 9, p. 41). The ALJ stated that at step three, he must

4

determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Doc. 9, p. 41). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Doc. 9, p. 43). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

In addition, the ALJ noted Plaintiff's depressive disorder and anxiety disorder (Doc. 9, pp. 42-43), arthritis, osteoarthritis, gout, migraines, polymyalgia, pain, stiffness, swelling in her hands, wrists, fingers, elbows, shoulders, neck, hips, pelvic area, knees, feet and toes, fatigue, bone spurs in her feet (Doc. 9, p. 44), polymyalgia rheumatic, and osteopenia. (Doc. 9, p. 46).

Finally, after finding Plaintiff suffered from severe impairments of osteoarthritis, polymyalgia rheumatic, osteoporosis, gout, and history of hernia surgery, he found that "all other impairments other than those enumerated above, alleged and found in the record, are non-severe, as they have been responsive to treatment and/or cause no more than minimally vocationally relevant limitations (SSR 85-28)." (Doc. 9, p. 42).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact that the ALJ addressed and considered Plaintiff's impairments in combination.

**B. Credibility Analysis:**

Plaintiff argues that the ALJ failed to mention the case of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), and failed to offer an explanation for why he found her testimony not to be credible. The ALJ was required to consider all the evidence relating to Plaintiff's

subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski, 739 F.2d at 1322.  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Although the ALJ did not specifically cite to Polaski, he clearly addressed each of the five Polaski elements, which is sufficient. Brown v. Chater, 87 jF.3d 963, 966 (8th Cir. 1996). The ALJ addressed Plaintiff's daily activities (Doc. 9, pp. 43, 45, 47-48); he acknowledged Plaintiff's allegations of pain, noting that the inability to work without some pain or discomfort was not sufficient reason to find Plaintiff disabled, and that the intensity of her pain was inconsistent with her active life style. (Doc. 9, pp.47-48). The ALJ clearly considered not only Plaintiff's allegations of pain, but also her allegations relating to her ability to stand and sit for long periods of time, as he limited Plaintiff to sedentary work.

The ALJ also noted that Plaintiff reported to Dr. Efird that she did not always take the prescribed hydroxyzine due to side effects of lethargy and stomach upset. (Doc. 9, p. 47).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

**C.  Ability to Perform Sedentary Work - RFC Determination:**

Plaintiff argues that the ALJ offered no supportive medical evidence to support a conclusion that she would be capable of performing a full range of sedentary work. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013)).

With respect to the weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102

(8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id.

In determining Plaintiff's RFC, the ALJ discussed Plaintiff's medical records, noting that Dr. Michael R. Saitta diagnosed Plaintiff with polymyalgia rheumatic and osteoarthritis and prescribed Tramadol for her pain. (Doc. 9, pp. 45-46). He also noted that in 2010, Plaintiff was diagnosed with osteopenia and began taking Fosamax. (Doc. 9, p. 46). The ALJ reported Plaintiff's hernia surgery, and carefully discussed Dr. Konstantin Berestnev's findings from his examination of Plaintiff on August 10, 2012. (Doc. 9, p. 46). Dr. Berestnev concluded that Plaintiff's grip strength was 20 pounds with the right hand and 10 pounds with the left hand, she was able to perform all limb functions, and Dr. Berestnev stated that Plaintiff needed to be evaluated for carpal tunnel syndrome and treated for gout. (Doc. 9, pp. 320, 322). Dr. Berestnev assessed Plaintiff with a moderate to severe impairment of the hands, affecting her ability to grip more than 5 pounds tightly on the left. (Doc. 9, p. 322). The ALJ gave some weight to Dr. Berestnev's assessment, but found that his limitations were more restrictive than the medical evidence of record suggested and that he appeared to rely heavily on Plaintiff's report. (Doc. 9, p. 46). The ALJ concurred with the opinions of the non-examining state agency physicians, who concluded that Dr. Berestnev's assessment was not an accurate assessment of Plaintiff's restrictions/limitations and was based on only a "snapshot" of Plaintiff's functioning. (Doc. 9, p. 46). These non-examining consultants, Dr.

Alice M. Davidson and Dr. Sharon Keith, found that the medical evidence supported a sedentary RFC. (Doc. 9, pp. 92, 107).

The ALJ also addressed Plaintiff's visits to Ozark Guidance in 2012 (Doc. 9, p. 46), as well as Dr. Terry L. Efird's evaluation of January 2013 (Doc. 9, p. 46), and gave Dr. Efird's opinion great weight. (Doc. 9, p. 47). Dr. Efird diagnosed Plaintiff with anxiety disorder, NOS, and found no significant limitations in Plaintiff's social interaction, cognitive capacity, attention , persistence, and pace of performance during the evaluation. (Doc. 9, pp. 366-367).

The ALJ addressed Plaintiff's description of her limitations, but also referenced Plaintiff's daily activities, such as doing household chores, preparing meals, going to garage sales, and doing volunteer work. (Doc. 9, pp. 45, 47).

Finally, Plaintiff testified that when the company for which she last worked full-time moved to Texas, the company offered her a job in Texas, but Plaintiff had "just married and my husband did not want to move. My children are all here. My grandchildren are here so I chose to stay." (Doc. 9, p. 65). Plaintiff thereafter drew unemployment for a year and a half, and looked for similar employment during that time. (Doc. 9, p. 65).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination that Plaintiff is capable of performing sedentary work, as well as the weight the ALJ gave to the various opinions.

**D. Ability to Perform Past Relevant Work:**

At the hearing held before the ALJ, the VE testified that Plaintiff's past work as a customer complaint clerk, receptionist, and data entry were all sedentary positions, which fall within the ALJ's RFC. After thoroughly reviewing the hearing transcript along with the

9

entire evidence of record, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform her past relevant work as a customer service representative/customer complaint clerk, a receptionist, and data entry clerk/accounting clerk.

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 24th day of January, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE